## Leisey's Estate

*John L. Hamaker*, for petitioner.

*George T. Hambright* and *John E. Malone*, for respondent.

BURKHOLDER, P. J., December 1, 1937.—Frank W. Leisey died intestate January 24, 1934, leaving to survive him a widow, Lydia A. Leisey, and an only son, LeeRoy Leisey, as his heirs at law. On October 18, 1935, more than 20 months after his death, his widow filed her request for the appointment of appraisers to set aside her widow's exemption. They set aside for her benefit certain household goods of the value of $35 and "money due from Denver Relief Association No. 3 payable to the Frank W. Leisey Estate $465.00". No exceptions to this widow's exemption were ever filed.

At the time of his death the decedent was seized in his demesne as of fee in and to certain real estate in East Cocalico Township, Lancaster County, Pa., which was encumbered by four judgments in the aggregate sum of $2,900 held by the Denver National Bank and a junior mortgage for $2,650, held by the same creditor.

The widow, who is the administratrix, filed her petition for an order of sale of said premises for the payment of debts, in which she listed her widow's exemption of $500, the aforesaid judgments and certain other debts. The mortgage creditor on the day of the sale, April 18, 1936, signed a stipulation agreeing that said premises should be sold free and clear of the lien of said mortgage, which stipulation was filed in this court April 20, 1936. At the same time the return to the order of sale was filed setting forth that the premises were sold "To Peter

Wann for the Sum of Twenty-three Hundred and twenty Dollars."

Subsequently it appeared that the Denver Relief Association was not indebted to the estate or to Mrs. Leisey in any sum whatsoever, and, on May 6, 1937, she presented her petition setting forth these facts and praying that $465 in cash be awarded to her on account of her widow's exemption out of the proceeds of the sale of said real estate.

An answer was filed by the Denver National Bank, which opposes the prayer of the petition for three reasons: First, because the widow was guilty of laches in not claiming her exemption in the first instance within one year from the date of the death of the decedent; second, because she is bound by her original claim as filed on October 18, 1935; and third, because the proceeds of the sale of real estate are insufficient to pay the mortgage creditor.

If this were a proceeding on exceptions to a widow's exemption, there might be some merit to respondent's assertion that the widow did not present her claim promptly enough, and is, therefore, guilty of laches. That is not the case here, for no objection was presented by anyone when the widow's exemption was filed in 1935. If anyone wished to object to the widow's exemption on the ground of laches, it was his duty to present his objection to this court before the exemption was confirmed absolutely.

There is nothing before the court to indicate that the widow's exemption filed in 1935 was not filed in good faith. Acts of assembly providing for a widow's exemption have always been construed liberally in favor of the claimant. Therefore, where a claimant in good faith files a widow's exemption and property is appraised to her out of the decedent's estate which subsequently proves not to have been an asset of the estate, the policy of the law demands that the widow be not forced to lose her right to the exemption because of the error in the

appraisement. We believe, therefore, that there is no merit in the second contention of the respondent.

The third question raised by the respondent cannot be determined at this time because there is no fund before the court for distribution. If a claim for the balance due on the widow's exemption is presented at the time when the proceeds of the sale of real estate of the decedent are before the court for distribution, it can then be determined whether the claim must be allowed or whether it is barred by the claim of the mortgage creditor in accordance with the principle set forth in Titus' Estate, 18 D. & C. 344.

Accordingly, the widow's exemption as filed in this estate is amended so as to include only the following items: One bedroom suite, $15; one parlor suite, $15, and contents of kitchen, $5; and the widow is given leave at any audit in this estate to present her claim for the balance of her widow's exemption, amounting to $465, out of the funds, if any, which are legally available for the payment of the same. The remaining prayers of the petition are disallowed.